UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GIOSER ROMERO ORTA,

*Petitioner,*

v. Case No.: 3:26-cv-1597-JEP-LLL

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

*Respondents.*
_____________________________________/

**ORDER**

Petitioner, an immigration detainee, who is currently detained by U.S. Immigration and Customs Enforcement ("ICE"), filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 on June 18, 2026.[1] (*See generally* Doc. 1). Petitioner, a citizen of Cuba, was detained by ICE at the border on February 2, 2021, and released on his own recognizance. (Doc. 5-1 at 2). ICE re-detained Petitioner on April 17, 2026. (Doc. 1 at 5). Petitioner appears to argue that his prolonged detention violates the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause as the Supreme Court

[1] Petitioner has since retained counsel. (*See generally* Doc. 11).

construed it in *Zadvydas v. Davis*, 533 U.S. 678 (2001).[2] (*See id.* at 6–7). As relief, he seeks immediate release from ICE custody. (*Id.* at 8).

Insofar as Petitioner claims that his detention is governed by 8 U.S.C. § 1226(a), he is mistaken. Because he has a final order of removal,[3] his detention is instead governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021) ("Section 1226 applies before an alien proceeds through the removal proceedings and obtains a decision; § 1231 applies [when the alien is ordered removed]."); *see also Deshati v. Noem*, No. 25-cv-15940-ESK, 2025 WL 3204227, at *2 (D.N.J. Nov. 17, 2025) ("The statute governing post-final order of removal immigration detention is 8 U.S.C. § 1231."). Thus, the statutory procedures outlined in § 1226(a) do not apply to Petitioner.

Additionally, Petitioner's *Zadvydas* claim is premature. The Supreme Court in *Zadvydas* held that indefinite detention of aliens after a final order of removal raises serious constitutional concerns. 533 U.S. at 690–99. Once an order of removal is final, the government may continue to detain an alien only

---

[2] Although Petitioner does not cite *Zadvydas*, his allegations resemble the language used in *Zadvydas*. *See United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe *pro se* filings.").

[3] The website for the Executive Office for Immigration Review ("EOIR") reflects that an immigration judge ordered Petitioner removed on August 18, 2026, and Petitioner did not appeal. *See* Automated Case Information, EOIR, *available at* https://acis.eoir.justice.gov/en/ (last visited Nov. 17, 2026).

for a reasonable amount of time. *See id.* at 699–701. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence *at the moment of removal*." *Id.* at 699 (emphasis added). The Supreme Court held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* at 700–01. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period [from section 1231(a)(1)(A)] plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 1052 (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If an alien makes these showings, then the burden shifts to the government to rebut the presumption with sufficient evidence establishing that there is "a significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Notably, *Zadvydas* claims asserted prior to the presumptively reasonable six-month period are

deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052; *see also Ramos Alvarez v. U.S. Immigr. & Customs Enf't*, No. 3:25-cv-1038, 2025 WL 2591830, at *1 (M.D. Fla. Sept. 8, 2025).

Petitioner filed this case on June 18, 2026, (*see generally* Doc. 1), which is approximately two months *before* an immigration judge ordered him removed on August 18, 2026, Automated Case Information, EOIR, *available at* https://acis.eoir.justice.gov/en/ (last visited Nov. 17, 2026). In other words, Petitioner had not been in post-removal-order detention for any amount of time when he initiated this action. Therefore, Petitioner's *Zadvydas* claim is not ripe and will be dismissed without prejudice.

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.
2. The Warden's motion to dismiss (Doc. 4) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).
3. The Clerk is **DIRECTED** to terminate any motions as moot, enter judgment dismissing the petition without prejudice, and close the file.

4. The Clerk is further **DIRECTED** to send Petitioner a blank § 2241 habeas petition form.

**DONE AND ORDERED** in Jacksonville, Florida on November 18, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record